Samuel HAGER, Jr., and, Priscilla Hager, husband and wife, Plaintiffs,

v.

CREPACO, Inc. and/or APV Crepaco, Inc., Defendants.

No. 96 C 6578.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 10, 1997.

Carol Hansen Posegate, Giffin, Winning, Cohen & Bodewes, Springfield, IL, Barry C. Hansen, Michael J. Pangia, Gilman and Pangia, Washington, DC, for Plaintiffs.

John M. Kelly, Connelly & Schroeder, Charles H. Cole, Chicago, IL, Peter Q. Ezzell, William O. Martin, Jr., Haight, Brown & Bonesteel, LLP, Santa Monica, CA, for APV Crepaco, Inc.

Daniel Joseph Neppl, Rivkin, Radler & Kremer, Chicago, IL, John F. Thomas, McGrath, North, Mullin & Kratz, Omaha, NE, for Con-Agra Frozen Foods.

### OPINION AND ORDER

NORGLE, District Judge.

Before the court is Defendants' Motion for Summary Judgment as to Count Three. For the following reasons, the motion is granted.

### I. BACKGROUND

Plaintiff Samuel Hager, Jr. ("Hager") was a maintenance employee for more than twenty years at Congra Frozen Foods in Crozet, Virginia. On October 8, 1994, Hager was injured when Clean-in-place ("CIP") machine No. 358 overflowed and splashed lye on a substantial portion of his body.[1] As a result, Hager suffered severe and permanent burns. (Compl. ¶ 4.)

Defendants Crepaco, Inc. and/or APV Crepaco, Inc. ("Crepaco"), is a Delaware corporation with its principal place of business in Illinois. Crepaco designs, manufactures, and sells CIP machines. Robert Schneider ("Schneider"), the after-market sales manager for Crepaco, admits that Crepaco designed, manufactured, and sold CIP machine No. 358 between May 2, 1973, and September 18, 1973.[2] (Schneider Aff. ¶ 11).

On October 7, 1996, Hager filed a four count complaint against Crepaco for bodily injuries he sustained when the CIP machine spewed scalding liquid.[3] Count III, the subject of the instant motion, sounds in strict product liability. Hager claims that the CIP machine was in a defective condition and unreasonably dangerous when it left the control of Crepaco in 1973. (Compl. ¶ 19). Crepaco does not argue the alleged defective nature of the CIP machine. Rather, Crepaco avers that Hager's claim is barred by the Illinois statute of repose governing strict product liability actions. Because the parties do not dispute any material facts and only argue issues of law, Count III is ripe for summary disposition.[4]

### II. DISCUSSION

Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *GCIU Employer Retirement Fund v. Chica-*

---

1. The pleadings do not reflect what Hager was doing or where he was in relation to the CIP machine when it allegedly malfunctioned.

2. Schneider does not admit that it sold the CIP machine directly to Hager's employer. However, for purposes of deciding this motion, that point is irrelevant.

3. Count I advances a negligence theory. Count II seeks damages based on breach of warranties. Count IV is brought by Hager's spouse for loss of consortium. (Compl. ¶¶ 4–9, 10–16, 21–23).

4. The court notes that neither party complied with the filing requirements of Local Rule 12(M) and 12(N). However, Crepaco's memorandum supporting its motion does present the material facts in numbered paragraph form and is supported by affidavit. Although Crepaco's motion does not lend itself to a concise response in accordance with Local R. 12(N)(3)(a), nothing prevented Hager from submitting its own version of the uncontested facts pursuant to 12(N)(3)(b). Furthermore, Hager's pleadings do not address, in any form or manner, the material facts which Crepaco claims are necessary to decide its motion. Hager simply chose to argue questions of law. Therefore, the court treats Crepaco's uncontested facts as admitted by Hager. *Oates v. Discovery Zone,* 116 F.3d 1161, 1167 (7th Cir. 1997); *Knox v. McGinnis,* 998 F.2d 1405, 1408 n. 8 (7th Cir.1993).

*go Tribune Co.*, 66 F.3d 862, 864 (7th Cir. 1995). That is, whenever "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Patel v. Allstate Ins. Co.*, 105 F.3d 365, 370 (7th Cir.1997). When considering a motion for summary judgment, the court must review the entire record, drawing all reasonable inferences from the record in the light most favorable to the non-movant. *Cornfield by Lewis v. Consol. High School Dist. No. 230*, 991 F.2d 1316, 1320 (7th Cir. 1993).

Here, Crepaco does not address the material facts encompassing Hager's strict liability claim. Rather, based on the Illinois statute of repose, 735 ILCS 5/13–213(b) (1993),[5] Crepaco asserts that because it first sold the CIP machine more than twelve years ago, Hager is barred from bringing his claim. Hager's pleadings do not dispute the fact that Crepaco first sold the CIP machine more than twelve years ago, or that it is barred from recovering on a strict liability theory in Illinois. Thus, the court concludes, as Hager agrees, that Crepaco raises an unassailable affirmative defense under Illinois law. *See* Local Rule 12(N); *see also Feliberty v. Kemper Corp.*, 98 F.3d 274, 277 (7th Cir.1996) (facts not disputed are deemed admitted for purposes of summary judgment).

▪ Nevertheless, Hager attempts to save his strict liability claim by arguing that Illinois law is not controlling. Under a conflict of law analysis, Hager claims that Virginia substantive law governs. Hager correctly notes that federal courts sitting in Illinois apply the "most significant relationship test" when determining which substantive state law applies. *Miller v. Long–Airdox Co.*, 914 F.2d 976, 978 (7th Cir.1990). *Lex loci delicti*, the place where the injury occurred, is considered the most important factor in this analysis. *Id.* (citing Restatement (Second) of Conflict of Laws § 145, Comment e, at 420). Hager, therefore, concludes that Virginia law applies to this case because the injury giving rise to this action occurred in Virginia, the CIP machine was sold in Virginia, Hager lives in Virginia, and Crepaco does business in Virginia.

▪ Assuming arguendo, that Hager is correct, and Virginia substantive law controls, Hager still may not bring a claim sounding in strict product liability. Virginia has not adopted § 402 of the Restatement (Second) of Torts. *Sensenbrenner v. Rust, Orling & Neale, Architects Inc.*, 236 Va. 419, 374 S.E.2d 55, 57 n. 4 (1988). Thus, in Virginia, tort recovery based on a strict product liability theory is not permitted. *Harris v. T.I., Inc.*, 243 Va. 63, 413 S.E.2d 605, 609–10 (1992); *Sensenbrenner*, 374 S.E.2d at 57. In fact, the only permutation of strict liability recognized in Virginia involves "ultra-hazardous activities, such as blasting." *Providence Village Townhouse Condominium Ass'n v. Amurcon–Loudoun Corp.*, No. 12206, 1994 WL 740045, at *3 (Va. Cir. Ct. Jan.19, 1994); *Philip Morris Inc., v. Emerson*, 235 Va. 380, 368 S.E.2d 268, 282 (1988). Accordingly, as a matter of law, under Illinois or Virginia law, Hager may not maintain a tort claim against Crepaco sounding in strict product liability.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment as to Count Three is granted.

IT IS SO ORDERED.

---

**5.** In relevant part, 735 ILCS 5/13–213(b) provides:

[N]o product liability action based on the doctrine of strict liability in tort shall be commenced except within the applicable limitations period and, in any event, within 12 years from the date of first sale, lease or delivery of possession by a seller or 10 years from the date of first sale, lease or delivery of possession to its initial user, consumer, or other non-seller, whichever period expires earlier . . . .